IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOUSAND OAKS BARREL, CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21cv848 (LMB/WEF) |
| ) | |
| FREEDOM OAK BARRELS and AMORPHOUS ) | |
| GROUP LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is a Motion for Default Judgment [Dkt. No. 27] filed by plaintiff, Thousand Oaks Barrel Co. ("plaintiff" or "Thousand Oaks"), which has been reviewed by a magistrate judge who has recommended that the motion be granted, and a Motion for Interest and Attorneys' Fees and Costs ("Motion for Fees") [Dkt. No. 40]. For the reasons explained below, the Motion for Default Judgment will be granted and the Motion for Fees will be granted in part and denied in part.

On July 11, 2022, a magistrate judge issued a Report and Recommendation ("Report") in which she recommended that a default judgment in the "total amount of $14,654,280.00 be imposed on defendants, jointly and severally[,] for their Copyright Act and Lanham Act violations" along with injunctive relief. [Dkt. No. 39] at 27-28. The Report advised the parties that any objections to the Report had to be filed within fourteen days of service and that failure to file timely objections would waive appellate review of any judgment based on the Report. Id. at 28. As of September 20, 2022, no objections have been filed.[1]

---

[1] Although it is the regular practice of the Clerk's office to send a copy of a Report to all parties, the docket sheet did not reflect that the Report was mailed to defendants when it was entered. As

The Court has reviewed the detailed Report, plaintiff's Motion for Default Judgment along with its supporting memorandum and exhibits, and the file, all of which document the extensive efforts that former defendant Michael O'Rourke has taken to avoid being served with the Complaint and to hide the location of the two business defendants, Freedom Oak Barrels and Amorphous Group, LLC, which he controls. Based on this review, the Court is satisfied that the magistrate judge correctly found that the Court has federal question subject matter jurisdiction, personal jurisdiction over the defendants based on their purposeful activities within this district, and venue for this action given that plaintiff is a Virginia corporation with a principal place of business in Manassas, Virginia.

The Report carefully explains the manner in which the two defendants were served, the way in which plaintiff calculated the amount of profits defendants earned from their unauthorized use of plaintiff's copyrights and trademarks, and properly differentiated the damages between the copyright and trademark causes of action. Finding no errors in either its legal conclusions or factual findings, the Court adopts the Report as its conclusions of law and findings of fact. Accordingly, for the reasons in the Report, plaintiff's Motion for Default Judgment [Dkt. No. 27] is GRANTED.

Also before the Court is the plaintiff's Motion for Interest and Attorneys' Fees and Costs, in which plaintiff seeks to recover $580,168.00 in prejudgment interest and $237,426.93 in attorney's fees and costs, which consists of $221,119.66 in attorney's fees and $16,230.43 in costs. No defendant has objected to his motion, which was filed on July 29, 2022.

---

a result, on August 11, 2022, the Court ordered the Clerk to send the Report to the defendants by certified mail, return receipt requested. [Dkt. No. 43]. The post office returned those letters with a notation that they were "unclaimed, unable to forward." [Dkt. Nos. 45 & 46].

2

In Virginia, whether to award prejudgment interest is left to the sound discretion of the trial judge and, as a general rule, such "interest is not allowed on unliquidated damages." Advanced Marine Enter., Inc., et al., v. PRC Inc., 501 S.E.2d 148, 160 (VA 1998) (citations omitted). Given that the significant amount of damages being awarded are based on a complex calculation of defendants' profits, which are an unliquidated amount, the Court exercises its discretion to deny imposing prejudgment interest on these damages.

As to the request for attorney's fees and costs, the Court has evaluated this fee request by first determining the proper lodestar which is calculated by multiplying the hourly rates of counsel and staff found to be reasonable in light of prevailing rates in northern Virginia times a reasonable number of hours expended. Plaintiff's counsel, Kendal Sheets, is a registered patent attorney who has been licensed to practice in Virginia since 1999. [Dkt. No. 41] at 2; [Dkt. No. 41-1] at 1. He is the only attorney for whom fees are being sought and his hourly rate of $350 for an attorney who has been practicing for over 20 years is extremely reasonable as it is well below the hourly rates approved by this district. See Vienna Metro LLC v. Pulte Home Corp., No. 1:10-CV-00502, 2011 WL 13369780, at *6 (E.D. Va. Aug. 24, 2011).

Mr. Sheets seeks reimbursement for 631.99 hours of work expended on this litigation, which was complicated by former defendant Michael O'Rourke's efforts to avoid service on himself and his two businesses. Another complicating factor was the calculation of defendants' profits, which required expert evidence including information from Mexico. These factors support the conclusion that the 631.99 hours billed were reasonable, yielding a lodestar of $221,196.50.[2] The Court has applied the twelve standard Johnson/Kimbrell factors and finds

---

[2] Mr. Sheets states in his memorandum and declaration that the total amount of attorney's fees is $221,119.66; however, he seems to have made a minor mathematical error. The Court has confirmed that the invoices attached to Sheets's declaration reflect a total of 631.99 hours of

that none justify either increasing or decreasing the lodestar.[3] The Court also observes that the time entries on the invoices that Mr. Sheets submitted with his motion were extremely clear and did not show any duplication of effort or contain block billing entries. For these reasons, plaintiff will be awarded the full amount of the lodestar fee.

Plaintiff also seeks to recover $16,230.43 in costs; however, the invoices that Mr. Sheets attached to his Declaration do not support an award of this amount. The only costs that appear on the invoices are: $43.54 in "Expense for FEDEX" on February 23, 2021; $64 for "Express mail two letters to FOB" on March 17, 2021; $400 in "Court filing fee" on July 21, 2021; $349.21 to "pay server in Okla." on July 28, 2021; $187.93 for "Charges for process server" on August 3, 2021; and $21.25 for "Charges for process server" on August 5, 2021. [Dkt. No. 41-1] at 7, 8, 11, and 12. These expenses total $1,065.93. Because there is no documentation to support the award of any other costs, the total amount of costs that will be awarded is $1,065.93, which will be added to the attorney's fees, resulting in a total of $222,262.43 in fees and costs.

---

attorney time. Multiplying those hours by $350 results in a lodestar that is $76.84 dollars more than Sheets calculated.

[3] The Johnson/Kimbrell factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978); see also Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Lastly, plaintiff seeks a permanent injunction prohibiting the defendants from further infringing its protected copyrights and trademarks. The facts in this record fully support such relief. Accordingly, for the above stated reasons, the plaintiff's Motion for Default Judgment [Dkt. No. 27] is GRANTED, plaintiff's Motion for Interest and Attorneys' Fees and Costs [Dkt. No. 40] is GRANTED IN PART AND DENIED IN PART, and it is hereby

ORDERED that a judgment in the total amount of $14,876,542.40, consisting of $14,654,280 in defendants' profits, $221,196.50 in attorney's fees, and $1,065.93 in costs, with post-judgment interest at the official rate for federal judgments be and is entered in favor of plaintiff Thousand Oaks Barrel Co. jointly and severally against defendants Freedom Oak Barrels and Amorphous Group, and it is further

ORDERED, ADJUDGED, AND DECREED that Defendants Freedom Oak Barrels and Amorphous Group, together with all those in active concert or participation with them, including but not limited to Michael O'Rourke (the sole proprietor of Freedom Oak Barrels and Amorphous Group) are jointly and severally enjoined from:

1. Copying, distributing, altering, displaying, hosting, selling and/or promoting copyright protected images and websites or spurious imitations thereof, authored or owned by Thousand Oaks, in connection with the offering of any retail store services, including but not limited to owning or operating the website freedomoakbarrels.com;

2. Operating any other retail store or website that purports to be used in connection with Thousand Oaks copyrighted content, displays images of Thousand Oaks' website or products, or that is confusingly similar, or that is calculated to confuse consumers into thinking that products sold by defendants originated from Thousand Oaks, when it/they are not;

3. Registering, owning, or using any domain name that is used in connection with Thousand Oaks copyrighted content, displays images of Thousand Oaks' website or products, or that is confusingly similar, or that is calculated to confuse consumers into thinking that products sold by defendants originated from Thousand Oaks, when it/they are not;

4. Using in connection with Defendants' activities, goods, or services (or purported goods or services) any false or deceptive designations, representations, or descriptions of Defendants or their activities, goods, or services (or purported goods or services), whether by symbols, words, designs, statements, photographs, or other devices, which would damage or injure Thousand Oaks or its customers, or which would give Defendants an unfair competitive advantage or result in consumer deception;

5. Committing other acts calculated to cause consumers to believe that Defendants' domain names, websites, web content, or retail store services are offered under the authorization, sponsorship, supervision, or control of Thousand Oaks, or otherwise are connected with Thousand Oaks or 1000oaksbarrel.com, when they are not;

6. Further infringing the Thousand Oaks Copyrighted Content, or damaging any associated goodwill;

7. Engaging in any other activity constituting unfair competition with Thousand Oaks, or constituting an infringement of Thousand Oaks copyrighted content, or constituting any damage to Thousand Oaks' name, reputation, or goodwill; and it is further

ORDERED that any person or entity in active concert or participation with Defendants or Michael O'Rourke and with notice of this injunction, including any Internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries, email service providers, social media network operators (including, but not limited to,

Instagram and Facebook (Meta)), and payment processors (including, but not limited to, PayPal, Amazon.com, banks, credit cards), cease facilitating access to any or all domain names, websites, accounts and services through which Defendants engage in unlawful access to, use, reproduction, distribution, and sale of the Thousand Oaks Copyrighted Works or website images, or goods bearing Thousand Oaks trademarks or originating from Thousand Oaks, including without limitation Thousand Oaks copyrighted works, goods, and images identified in the First Amended Complaint.

To appeal any aspect of this Order, defendants must file a written Notice of Appeal with the Clerk of Court within thirty (30) days. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to defendants Freedom Oak Barrels and Amorphous Group, to enter judgment in favor of plaintiff as described above pursuant to Fed. R. Civ. P. 55, and to close this civil action.

Entered this 22nd day of September, 2022.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge